UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **ALFRED BANISTER and KATHY BANISTER**, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Cause No. 4:18-cv-68<br>) |
| **BRUMBAUGH & QUANDAHL, P.C.**, | )<br>) |
| Serve:<br>Thomas A. Ryczek<br>5390 Pershing Ave., #208<br>St. Louis, MO 63112 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| **MIMG XCVIII SUGAR PINES SUB, LLC**, | )<br>) |
| Serve:<br>C T Corporation System<br>120 South Central Avenue<br>Clayton, MO 63105 | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

COME NOW Plaintiffs, Alfred Banister and Kathy Banister, by and through their undersigned counsel, and bring this action under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) ("FDCPA") and the Missouri Merchandising Practices Act, (§ 407.010 *et seq.*) ("MMPA") against Defendants Brumbaugh & Quadahl, P.C. and MIMG XCVIII Sugar Pines Sub, LLC, and in support thereof state to the Court the following:

1

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiffs are natural persons, citizens of Missouri, and residents of St. Louis County, Missouri.

2. Defendant Brumbaugh & Quadahl, P.C. is a foreign for-profit corporation, organized and existing under the laws of Nebraska. As of March 30, 2017, its right to carry on business in Missouri was administratively dissolved or revoked for failing to comply with Section 351.484 or 351.598.

3. Defendant did not file its reinstatement paperwork with the Missouri Secretary of State until December 5, 2017. As such, Defendant's collection conduct recited herein occurred while Defendant's right to carry-on business in Missouri was revoked.

4. Defendant MIMG XCVIII Sugar Pines Sub, LLC is a foreign limited liability company organized and existing under the laws of Colorado. Defendant MIMG can be served in care of its registered agent in Clayton, Missouri.

5. This Court has original jurisdiction over Plaintiffs' FDCPA claims under 28 U.S.C. § 1331 because they arise under federal law.

6. This Court has supplemental jurisdiction over Plaintiffs' MMPA claims under 28 U.S.C. § 1367(a) because those claims are part of the same case or controversy as their FDCPA claims and share a common nucleus of operative fact with the claims within this Court's original jurisdiction

7. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(2) because Defendants' misconduct occurred in or was directed at Plaintiffs in the Eastern District of Missouri.

## FACTS

### *Plaintiffs Enter into a Residential Lease with MIMG*

8. On July 15, 2016, Plaintiffs entered into an apartment lease with Defendant MIMG for the property commonly known and numbered as 11031 Sugar Pines Court, Apartment A, Florissant, Missouri 63033.

9. The apartment lease called for Plaintiffs to pay rent to Defendant MIGM in the amount of $810.00 per month on the first of each month.

10. Plaintiffs also agreed to and did pay a security deposit, as that term is used within section 535.300 R.S.Mo., of $650.00.

11. Plaintiff entered into the apartment lease for personal purposes.

### *Defendant MIMG Files its First Collection Suit against Plaintiffs*

12. As a result of alleged unpaid monthly rent and other charges, Defendant MIMG brought suit against Plaintiffs in St. Louis County Circuit Court on November 14, 2016, case number 16SL-AC29135.

13. Thereafter, on December 8, 2016, Plaintiffs entered into a consent judgment in case 16SL-AC29135 for $2,726.05, plus court costs.

14. Plaintiffs also agreed to relinquish possession of the apartment to Defendant MIMG.

15. As a contract between Plaintiffs and Defendant MIMG, the consent judgment represented the will and intent of the parties with regard to the balance owed.

16. The parties agreed, and Plaintiffs understood that, the consent judgment included all amounts that were alleged to be owed – or that could be owed – arising out of Plaintiffs' occupancy of 11031 Sugar Pines Court, Apartment A, Florissant, Missouri 63033.

*Defendant MIMG Improperly Withholds Plaintiffs' Security Deposit*

17. As agreed upon in the judgment, Plaintiffs moved out of 11031 Sugar Pines Court, Apartment A, Florissant, Missouri 63033 in December of 2016.

18. Defendant MIMG had a maximum of 30 days to return Plaintiffs' security deposit, or to furnish Plaintiffs with an itemized list of damages from which the security deposit or any portion thereof was withheld, pursuant to section 535.300(3) R.S.Mo.

19. Defendant MIMG never returned Plaintiffs their security deposit.

20. In addition, Defendant MIMG never furnished Plaintiffs with an itemized list of damages for which it withheld the security deposit.

21. Defendants were prohibited from executing upon the judgment, via garnishment or any other means, until January 1, 2016.

22. Notwithstanding this fact, on December 31, 2016, Defendant unilaterally and extra-judicially applied the security deposit to the consent judgment balance from case number 16SL-AC29135.

23. Defendants' practice of unilaterally crediting the security deposit during the stay of execution was no different than filing a garnishment in order to collect on the judgment.

24. In addition to violating § 535.300(3), Defendant MIMG's actions were also in contravention of the parties' agreement in the consent judgment, which stayed execution of the judgment through December 31, 2016.

25. In light of Defendant's MIMG's unilateral breach of the consent judgment, Plaintiffs' performance was excused, and Plaintiffs no longer owe any remaining balance on the judgment.

***Defendants File a Second Collection Suit against Plaintiffs on the Same Debt.***

26. After obtaining the consent judgment in in 16SL-AC29135, Defendant MIMG obtained new counsel: Brumbaugh & Quandahl, P.C.

27. Rather than attempting to collect on the existing judgment, Defendant Brumbaugh & Quandahl chose to file another lawsuit against Plaintiff on the same alleged debt.

28. In particular, on August 22, 2017, Defendant Brumbaugh and Quandahl filed another lawsuit on behalf of Defendant MIMG against Plaintiffs in St. Louis County Circuit Court, case number 17SL-AC22650, relating to 11031 Sugar Pines Court, Apartment A, Florissant, Missouri 6303

29. Within their collection Petition, Defendants alleged that Plaintiffs owed MIMG "rent and other charges" in the amount of $3,116.59.

30. For support, Defendants attached a ledger to their collection Petition, a copy of which is attached hereto as Exhibit 1.

31. The ledger reveals that Defendants were attempting to collect rents and other charges dating back to July 1, 2017.

32. Thus, Defendants were attempting to collect from Plaintiffs the very same "rents and other charges" that already formed the basis of the amounts sought in the prior collection suit, case number 16SL-AC29135.

***Defendants Attempt to Collect Improper Attorney's Fees***

33. Even disregarding the fact that Defendants were pursuing the same debt for which the parties already entered into a consent judgment, the additional charges Defendants sought were otherwise improper.

34. For example, the amount that Defendants demanded in their collection Petition within 17SL-AC22650 included a charge for "Attorney's Fees" dated November 9, 2016.

35. Defendant MIMG had not retained its counsel in case number 17SL-AC22650, Brumbaugh & Quandahl, as of November 9, 2016.

36. Instead, the "Attorney's Fees" were the fees that Defendant MIMG's prior counsel incurred during case number 16SL-AC29135.

37. However, the parties did not agree to the assessment of any attorney's fees within the consent judgment in case number 16SL-AC29135.

38. Because Defendant MIMG neglected to obtain attorney's fees in case number 16SL-AC29135, it decided to circumvent the parties' consent judgment and have Defendant Brumbaugh & Quandahl improperly insert the prior attorney's fees into the collection Petition in case number 17SL-AC22650.

### *Plaintiffs Incur Actual Damages by Having to Retain an Attorney*

39. Due to the fact that Defendants filed a second lawsuit on a debt that the Plaintiffs already agreed to pay, Plaintiffs were forced to hire a law firm to defend them against Defendants' duplicative collection suit.

40. Plaintiffs' counsel filed an Answer and served discovery upon Defendants on October 4, 2017.

41. The very next day, on October 5, 2017, Defendants dismissed their own lawsuit.

42. Absent Defendants' unlawful collection suit, Plaintiffs would not have incurred the out-of-pocket cost of obtaining a defense attorney.

43. Had Plaintiffs not hired an attorney and/or appeared in defense of the collection suit in 17SL-AC22650, Defendants would have requested a second court judgment on the same exact debt.

*Defendant Brumbaugh & Quandahl Violates Plaintiff's Rights under 15 U.S.C. § 1692c(a)(2)*

44. As of October 4, 2017, when Plaintiffs' attorney entered on their behalf, Defendant Brumbaugh & Quandahl possessed actual knowledge that Plaintiffs were represented by an attorney on the alleged debt.

45. Notwithstanding, Brumbaugh & Quandahl continued to its collection efforts directly with Plaintiffs after receiving notice that they were represented by an attorney.

46. Just a few days after Brumbaugh & Quandahl dismissed their own lawsuit, its collection agents began calling Plaintiffs on their personal telephone numbers in an attempt to collect the debt.

47. Plaintiffs' attorney was forced to incur additional fees and called Brumbaugh & Quandahl to remind it of the fact that he was representing the Plaintiffs on the debt.

48. Undeterred, after receiving notification of Plaintiffs' legal representation a second time, Brumbaugh & Quandahl *still* continued calling Plaintiffs directly.

49. Brumbaugh & Quandahl's collection attempts have caused Plaintiff to incur actual damages including but not limited to the amount of their attorney's fees for which they did not obtain the benefit due to Brumbaugh & Quandahl's continued collection attempts, as well as damages for anxiety, frustration, and worry.

50. Brumbaugh & Quandahl's collection attempts have also caused Plaintiff to suffer statutory damages under 15 U.S.C. § 1692k in the amount of $1,000.00.

## COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT as to DEFENDANT BRUMBAUGH & QUANDAHL, P.C.

51. Plaintiffs re-allege and incorporate by reference all of the above paragraphs.

52. Defendant Brumbaugh & Quandahl, P.C. engages in business the principal purpose of which is the collection of debts, and it regularly attempts to collect debts alleged to be due another. Defendant collects debts from consumers using the mail, telephone, and legal process.

53. Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

54. Defendant's collection activity of which Plaintiffs complain occurred within the previous twelve (12) months.

55. In its attempts to collect the alleged debt from Plaintiffs, Defendant has committed multiple violations under the FDCPA, including, but not limited to:

    a. Falsely representing the amount and character of Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692e(2)(A); and

    b. Utilizing unfair collection practices, including the collection of an amount that is not permitted by law, in violation of 15 U.S.C. § 1692f(1);

    c. Threatening action Defendant was not legally authorized to take and/or did not intend to take, in violation of 15 U.S.C. § 1692e(5); and

    d. Communicating with Plaintiffs in connection with the collection of the alleged debt knowing Plaintiffs were represented by an attorney with respect to the alleged debt for purposes other than to obtain their attorney's contact information, in violation of 15 U.S.C. § 1692c(a)(2).

56.     Defendant's collection attempts also have caused Plaintiffs to incur actual damages including but not limited to the attorney's fees they incurred in having an attorney enter in the underlying collection suit, and anxiety, frustration, and worry.

57.     In addition to these actual damages, Plaintiffs suffered additional concrete injuries when Defendant's above-described conduct misled them regarding the actual amount Defendant was attempting to collect and when Defendant caused a risk of harm that Plaintiffs would overpay for an amount they did not legally owe.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendant for:

A.     Judgment that Defendant's conduct violated the FDCPA;

B.     Actual damages;

C.     Statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

D.     For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE MMPA as to DEFENDANT BRUMBAUGH & QUANDAHL, P.C.

58.     Plaintiffs re-allege each and every preceding paragraph, and incorporate them by this reference as if fully set forth herein.

59.     The Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat § 407.010 *et. seq.*, broadly prohibits any false, fraudulent, or deceptive practice in connection with the "sale" of "merchandise."

60.     Plaintiffs are each a "person" within the meaning of the MMPA, Section 407.010(5) R.S.Mo.

61. Defendant Brumbaugh & Quandahl is a "person" within the meaning of the MMPA, Section 407.010(5) R.S.Mo.

62. Plaintiffs' residential lease was a "sale" as defined by § 407.010(6) and § 407.020 R.S.Mo.

63. The residential lease was primarily for personal, family, or household purposes.

64. The residential lease between Defendant MIMG and Plaintiff created a relationship that applied to the performance of duties related to the sale, including Defendant Brumbaugh & Quandahl's collection of any alleged unpaid amounts arising out of the residential lease.

65. A party's post-sale right to obtain payment on any past due amount is part of that sale and is, therefore, "in connection with'" the residential lease.

66. In connection with said lease, Defendant Brumbaugh & Quandahl committed deception, misrepresentation, and unfair practices, in violation of § 407.020 R.S.Mo.

67. Defendant filed a lawsuit on behalf of its client against Plaintiffs for amounts they did not owe and on a debt that was already the subject of a prior lawsuit and judgment.

68. Defendant Brumbaugh & Quandahl knew that MIMG already possessed a judgment against Plaintiffs relating to the same debt that was the subject of case number 17SL-AC22650.

69. Defendant Brumbaugh & Quandahl had access to the judgment and corresponding court records from case number 16SL-AC29135 at all times relevant to its collection activity.

70. Defendant Brumbaugh & Quandahl had access to MIMG's account ledger which listed "Attorney's Fees" that pre-dated any work that Brumbaugh & Quandahl performed on behalf of MIMG.

71. Defendant Brumbaugh & Quandahl thus knew that some or all of the amounts it demanded within the collection Petition it filed in case number 17SL-AC22650 were improper.

72. Absent Defendant's unlawful collection suit, Plaintiffs would not have incurred the out-of-pocket cost of obtaining a defense attorney.

73. In addition, all of Defendant's violations of the FDCPA outlined in Count I above stemmed from Defendant's improper collection suit.

74. A violation of a state or federal statute also constitutes an "unfair practice," pursuant to 15 C.S.R. 60-8.020.

75. As a direct and proximate result of Defendant's violations of § 407.020 R.S.Mo., Plaintiffs have suffered an ascertainable loss of money and seek relief pursuant to § 407.025 R.S.Mo.

76. Further, Plaintiffs did not receive the legal benefit of the attorneys' fees they incurred in retaining an attorney to represent them on the debt.

77. Defendant's repeated refusal to honor Plaintiffs' legal representation – despite being affirmatively notified on no less than two occasion including via a legal filing – justifies the imposition of punitive damages.

78. Plaintiffs demand their attorneys' fees pursuant to § 407.025 R.S.Mo.

**WHEREFORE**, Plaintiffs respectfully demand actual and punitive damages that will fairly and justly compensate them, together with their costs and attorney's fees herein incurred and expended and for such further and additional relief as this Court may deem just and proper under the circumstances.

## COUNT III: VIOLATION OF THE MMPA as to DEFENDANT MIMG XCVIII SUGAR PINES SUB, LLC

79.     Plaintiffs incorporate all prior paragraphs as if fully stated herein.

80.     Plaintiffs are each a "person" within the meaning of the MMPA, RSMo. § 407.010(5).

81.     Defendant MIMG is a "person" within the meaning of the MMPA, RSMo. § 407.010(5).

82.     Plaintiffs' lease with Defendant MIMG occurred in connection with a "sale" as defined by § 407.010(6) and § 407.020.

83.     In connection with the lease, Defendant MIMG committed deception, fraud, false pretense misrepresentation, unfair practices, and/or the concealment, suppression, or omission of a material fact, in violation of § 407.020 R.S.Mo.

84.     Defendant MIMG failed to honor the parties' consent judgment in case number 16SL-AC29135 in numerous respects.

85.     Defendant MIMG refused to stay execution of the judgment through December 31, 2016, as agreed upon in the judgment.

86.     Then, MIMG unilaterally and extra-judicially applied Plaintiffs' security deposit to the judgment balance *during* the pendency of the stay of execution.

87.     In addition, MIMG filed a second lawsuit against Plaintiffs for the same debt that the Plaintiffs already agreed to pay in case number 16SL-AC29135.

88.     Had Plaintiffs known that Defendant MIMG would refuse to honor the stay of execution and/or file a second lawsuit on the same debt, Plaintiffs would never have agreed to enter into the consent judgment.

89. As a result of their unilateral breach of the consent judgment, Defendant MIMG is not entitled to retain any monies paid by Plaintiff as or to retain the security on the lease pursuant to § 535.300 R.S.Mo.

90. Defendant MIMG failed to return Plaintiff's security deposit, in violation of § 535.300 R.S.Mo.

91. A violation of a state or federal statute constitutes an "unfair practice," pursuant to 15 C.S.R. 60-8.020.

92. Pursuant to § 535.300.6 R.S.Mo., Plaintiffs are entitled to double damages for MIMG's failure to refund the deposit Plaintiffs paid to secure the performance of the terms of the lease agreement.

93. Absent Defendant's unlawful act in filing a duplicate collection suit against Plaintiffs, Plaintiffs would not have incurred the out-of-pocket cost of obtaining a defense attorney.

94. As a direct and proximate result of Defendant MIMG's violations of § 407.020 R.S.Mo., Plaintiffs have suffered an ascertainable loss of money and/or property, and seek relief pursuant to § 407.025 R.S.Mo.

95. Pursuant to § 407.025 R.S.Mo., Plaintiffs seek their attorneys' fees.

**WHEREFORE**, Plaintiffs pray this honorable Court grant judgment in their favor and against Defendant MIMG, for damages that will fairly and justly compensate them, together with their costs, attorneys' fees, and interest as provided by law, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**BRODY & CORNWELL**

/s/ *Bryan E. Brody*
_____
Bryan E. Brody, #57580MO
Alexander J. Cornwell, #64793MO
7730 Carondelet Avenue, Suite 135
Saint Louis, MO  63105
314.932.1068 / fax: 314.228.0338
bbrody@brodyandcornwell.com
acornwell@brodyandcornwell.com
*Attorneys for Plaintiff*